ORDER
This 15 day of December 2008, it appears to the Court that:
(1) On September 19, 2008, the Court received Linda Carter's notice of appeal from a Family Court order dated August 29, 2007. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before September 28, 2007.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Carter to show cause why the appeal should not be dismissed as untimely filed.[2] Carter responded on October 1, 2008. She contends that she filed her appeal almost a year late because she was not aware that she could file an appeal earlier.
(3) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4]
An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, her appeal cannot be considered.[6]
(4) There is nothing in the record to substantiate a claim that Carter's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
[2] Del. Supr. Ct. R. 6(a)(ii).
[3] Carr v. State, 554 A.2d 778, 779 (Del.),cert. denied, 493 U.S. 829 (1989).
[4] Del. Supr. Ct. R. 10(a).
[5] Carr v. State, 554 A.2d at 779.
[6] Bey v. State, 402 A.2d 362, 363 (Del. 1979).